**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:24-23 |
| | ) | Judge Stephanie L. Haines |
| MICHAEL B. COHEN | ) | |

## TENTATIVE FINDINGS AND RULINGS

AND NOW, this 17th day of November, 2025, pursuant to Local Criminal Rule 32.C.7, the Court hereby makes the following tentative findings and rulings as to Michael B. Cohen ("Defendant") in this case.

### I.    Background

On December 10, 2024, a Federal Grand Jury returned an Indictment charging Defendant with two offenses. (ECF No. 3). Specifically, at Count One, ("Count I"), the Grand Jury charged Defendant with forging the signature of a judge of a court of the United States, on or about May 18, 2022, in violation of Title 18, United States Code, Section 505. (ECF No. 3 at 1; ECF No. 4 at 1). At Count Two, ("Count II"), the Grand Jury charged Defendant with forging the signature of a judge of a court of the United States, on or about October 13, 2022, in violation of Title 18, United States Code, Section 505. (ECF No. 3 at 2; ECF No. 4 at 1).

On July 25, 2025, Defendant pleaded guilty (ECF No. 31) to the offense at Count One of the Indictment and the offense at Count Two of the Indictment, pursuant to a written plea agreement. (ECF No. 30). At the plea hearing, the Court accepted the plea agreement. (ECF No. 29 at 1).

On July 29, 2025, the Court entered a Sentencing Order setting procedures and deadlines for sentencing in accordance with Local Criminal Rule 32. (ECF No. 33). On October 14, 2025, the United States Probation Office (the "Probation Office") disclosed to the Court, the Government, and Defense Counsel the Final Presentence Investigation Report (the "PSR"). (ECF No. 35). On October 20, 2025, the Government filed its Position with Respect to Sentencing Factors, stating that it has "no other[1] objections, modifications, or additions" to the PSR. (ECF No. 37). On October 20, 2025, Defendant filed his Position with Respect to Sentencing Factors, lodging two objections to the PSR. (ECF No. 38). While he raises these two objections, he does also "acknowledge[] that the sentencing factors as calculated are not improper[.]" (*Id.* at 2). Instead, he "contends that … his objections are more proper." (*Id.*).

On October 24, 2025, the Probation Office disclosed the Addendum to the PSR, noting that the Government has no objections to the PSR and responding to Defendant's objections. (ECF No. 39). Further, the Addendum provides the Court with additional information regarding Defendant's therapy sessions with an individual in Duncansville, Pennsylvania. (*Id.* at 2–3).

On November 11, 2025, the Government filed its Sentencing Memorandum. (ECF No. 40). Therein, the Government indicates that it "agrees with the Probation Office's recitation of the facts and calculations of the offense level and guidelines as set forth" in the PSR and the Addendum. (*Id.* at 2). Further, the Government notes that "plea agreement is silent as to the applicable guidelines and appropriate sentence." (*Id.*). However, the Government represents that the parties

---

[1] The Government's Position with Respect to Sentencing Factors does not affirmatively articulate *any* objections to the PSR. However, the Government's counsel does mention the fact that he has conferred "with opposing counsel and with the [Probation Office] in a good faith effort to resolve any disputed matters." (ECF No. 37 at 1). Therefore, whether the Government has never had any objections to the PSR, or whether it has resolved any objections it once had, the Court understands the Government to be without any objections to the PSR at this time.

did contemplate the applicability of the forgery guidelines in this case, and those guidelines are not the ones that the Probation Office applied in the PSR and the Addendum. (*Id.*). Therefore, because the parties contemplated the application of the forgery guidelines, which would yield a guideline range of one to seven months' imprisonment, the Government requests that the Court sentence Defendant "to a term of imprisonment of at least seven months followed by a term of supervised release of three years, a fine, if any, in an amount to be determined by the Court, and a special assessment of $200." (*Id.*) (emphasis removed). Defendant has not filed a Sentencing Memorandum.

## II.    Guidelines Calculations

Initially, the Court recognizes that after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the United States Sentencing Guidelines ("the Guidelines") are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). Nevertheless, the Court still shall consider the Guidelines as one factor, along with the other factors enumerated in 18 U.S.C. § 3553(a), in determining a defendant's sentence. Accordingly, pursuant to the Guidelines, the Court makes the following calculations:[2]

> 1. Having reviewed Defendant's objections to the PSR and the Probation Office's response to those objections in the Addendum, the Court preliminarily finds that the Probation Office has correctly calculated Defendant's Criminal History Score, Criminal History Category, and Guidelines. The Court will therefore proceed to articulate the Guidelines in accordance with the Probation Office's

---

[2] Because there is no *ex post facto* issue here, the Court has used the 2025 Guidelines Manual to calculate Defendant's advisory guideline range. *See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

calculations. The parties remain free to raise any and all appropriate arguments at the time of sentencing.

2.  Counts I and II are grouped for guideline calculation purposes because they involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan. USSG § 3D1.2(b). It is specified in USSG § 3D1.3, Application Note 2, when counts are grouped pursuant to § 3D1.2(a)-(c), the guideline that produces the highest offense level is used. (Under the rules of this section, when computing the offense level, one should consider all Chapter 2 provisions and any applicable provisions from Chapter 3, Parts A, B, and C). In this case, the guideline for Counts I and II is USSG § 2J1.2. As each count results in the same adjusted offense level of 16, Count I will be used below.

3.  The guideline for 18 U.S.C. § 505 offenses is found in § 2J1.2 of the guidelines, which call for a base offense level of **14**. USSG § 2J1.2(a).

4.  There are no specific offense characteristics, victim related adjustments, or adjustments for obstruction of justice.

5.  A **2-level increase** is warranted, pursuant to USSG § 3B1.3, as Defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense. Defendant, who was a licensed attorney, used his position to facilitate the instant offense.

6.  Based on the above, Defendant's adjusted offense level is **16**.

7.  There are no Chapter Four enhancements.

8.  Pursuant to U.S.S.G. § 3E1.1(a), Defendant is entitled to a **2-level decrease** in his adjusted offense level because he has clearly demonstrated acceptance of responsibility for his offense. In addition, pursuant to U.S.S.G. § 3E1.1(b), Defendant is entitled to an additional **1-level decrease** in his adjusted offense level because he timely notified authorities of his intention to enter a plea of guilty.

9.  Based on the above, Defendant's total offense level is **13**.

10. Based on the information set forth in the PSR, Defendant's criminal convictions result in a criminal history score of **2**.

11. Pursuant to U.S.S.G. Chapter 5, Part A, a criminal history score of **2** results in a criminal history category of **II**.

## III.    Sentencing Options

By statute and based on the above calculations under the Guidelines, Defendant is subject to imposition of the following potential sentence:

1.    ***Statutory Provision for Custody***: **Counts I & II:** The maximum term of imprisonment is **5 years** per count. 18 U.S.C. § 505.

    ***Guideline Provision for Custody***:  Based upon a total offense level of **13** and a criminal history category of **II**, the guideline imprisonment range is **15 months to 21 months**.

2.    ***Impact of Plea Agreement***:  None.

3.    ***Statutory Provision for Supervised Release***:  **Counts I and II:** The Court may impose a term of supervised release of **not more than 3 years** per count. 18 U.S.C. § 3583(b)(2).

    ***Guideline Provision for Supervised Release***: **Counts I and II:** Since each count is a Class D Felony, the guideline range for a term of supervised release is **1 years to 3 years** per count. USSG § 5D1.2(a)(2).

4.    ***Statutory Provision for Probation***: **Counts I and II:** Defendant is eligible for not less than one nor more than five years' probation per count because each count is a Class D Felony. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

    ***Guideline Provision for Probation***: Since the applicable guideline range is in Zone D of the Sentencing Table, Defendant is ineligible for probation. USSG § 5B1.1, comment.(n.2).

5.    ***Statutory Provision for Fine***: **Counts I and II:** The maximum fine is $250,000 per count. 18 U.S.C. § 3571(b).

    ***Guideline Provision for Fine***:  The fine range for this offense is $5,500 to $55,000. USSG § 5E1.2(c)(3).

6.    ***Mandatory Special Assessment***:  Pursuant to 18 U.S.C. § 3013, Defendant is subject to a mandatory special assessment of $100 per count, for a total of $200.

7.    ***Statutory Provision for Restitution***:  To date, no claims for restitution have been received.

***Guideline Provision for Restitution:*** Restitution shall be ordered. USSG § 5E1.1.

## IV.    Conclusion

The Court will receive evidence, including testimony; hear argument regarding these tentative findings and rulings; hear any requests for a variance and any other motions and responses thereto; and entertain objections to factual allegations or Guideline calculations set forth in the PSR and responses thereto, at the time and place of sentencing, currently set for **November 18, 2025**.

Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record
         U.S. Probation Office